05-00043
Judge Lisi
USDCRI

MANDATE

# United States Court of Appeals

## For the First Circuit

---

No. 05-2398

UNITED STATES,

Appellee,

v.

RAUL SOTO,

Defendant, Appellant.

---

Before

Torruella, Circuit Judge,
Stahl, Senior Circuit Judge,
and Howard, Circuit Judge.

---

JUDGMENT

Entered: April 11, 2007

Appellant, Raul Soto, appeals from his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922 before the United States District Court for the District of Rhode Island.

Appellant pleaded guilty pursuant to a plea agreement, which provided that he would, in addition to pleading guilty, waive his "right to file a direct appeal from the sentence imposed by the court ... if the sentence imposed by the Court is within the applicable sentencing guideline range as calculated by the Court." The court offered alternative sentences, both of which amounted to a sentence of 120 months imprisonment. Under one alternative, however, the court calculated the guideline range to be 121 to 151 months imprisonment before eventually imposing a sentence in accordance with the statutory maximum of 120 months imprisonment. Appellant asserts that he ought to be able to appeal because his sentence was outside of the guidelines range, even if it was a more lenient sentence than what that range allows. Appellant is

incorrect. According to U.S.S.G. § 5G1.1, "[w]here the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence." Thus, the appropriate guideline range was simply the statutory maximum of 120 months imprisonment, the very sentence given. Accordingly, the exception to the appeal waiver provision does not apply.

Appellant alternatively contends that enforcement of the waiver would work a miscarriage of justice because the court gave the impression during sentencing that the appeal waiver did not strip appellant of his right to appeal. See United States v. Teeter, 257 F.3d 14, 25 (1st Cir. 2001). Appellant bases his claim upon the district court's statement, "[n]ow, I assume there will be an appeal, so I'll make an alternative finding." The court's subsequent statement during that hearing, however, better illustrates the qualified nature of appellant's right to appeal and cleared up any confusion that might have resulted from this earlier statement: as the hearing drew to a close the court stated, "Mr. Soto, you may have a right to take an appeal from the sentence I have imposed." (emphasis added) In circumstances such as these, we have chosen to enforce the appeal waiver. See United States v. Soto-Cruz, 449 F.3d 258, 261 (1st Cir. 2006); United States v. De-La-Cruz Castro, 299 F.3d 5, 12 (1st Cir. 2002). Accordingly, we conclude that the court's statement did not render the appeal waiver nugatory.

Nor do we believe that enforcing the appeal waiver would work a miscarriage of justice because it would foreclose appellant from pressing his two claims: (1) that his counsel was ineffective when he led appellant to enter into his plea agreement and (2) that the court erred when it applied U.S.S.G. § 2A1.1 instead of § 2A1.2 to his sentence.

As to the former claim, the plea agreement makes it plain that appellant's central contention--that the agreement "did absolutely nothing for [him]" and "was in essence a sham"--is false. The plea agreement obligated the government to "recommend a term of imprisonment within the range of the applicable guideline range," "recommend a two-level reduction in the offense level for acceptance of responsibility," and "recommend a three-level reduction if his offense level is 16 or greater," in exchange for appellant's guilty plea, promise not to request a downward departure, and appeal waiver. At the time of the agreement's formation, there existed numerous plausible scenarios in which the government's promises might inure to appellant's benefit. For example, had appellant chosen not to take the stand, the court would not have found him perjurious and might have heeded the government's recommendation for a two-level reduction for acceptance of responsibility.

As to the latter claim, appellant challenges the court's enhancement of his sentence pursuant to U.S.S.G. § 2A1.1, but he ignores the fact that the court offered an equal, alternative sentence under U.S.S.G. § 2A1.2. Appellant does not challenge this alternative sentence. We do not see how an error in the court's interpretation of a particular guidelines provision resulted in a miscarriage of justice where the court offered an alternative sentence of an equal length that is neither premised on that provision, nor is challenged by appellant. Thus, appellant has failed to make "a strong showing of innocence, unfairness, or the like," so this claim does nothing to dissuade us from enforcing the appeal waiver. United States v. Gil-Quezada, 445 F.3d 33, 37 (1st Cir. 2006).

Accordingly, the appeal waiver holds, and we dismiss this appeal. Affirmed. See 1st Cir. R. 27.0(c).

By the Court:

Richard Cushing Donovan, Clerk.

MARGARET CARTER

By: ______________________________
Chief Deputy Clerk.

Certified and Issued as Mandate under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

______________________________
Deputy Clerk

Date: 5/3/07

[cc: Richard Rose, AUSA, Donald Lockhart, AUSA, Victor Beretta Jr., Esq., Stephen Neyman, Esq.]