**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court For the | | District of Rhode Island |
|---|---|---|
| Name: Raul Soto | | Docket or Case No.: C.R. 05-43ML |
| Place of Confinement: USP-CANAAN, P.O. Box 300 | | Prisoner No.: 05588-070 |
| UNITED STATES OF AMERICA | v. | Movant (include name under which convicted) Raul Soto |

**MOTION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging: U.S. District Court For the District of Rhode Island.

   (b) Criminal docket or case number (if you know): C.R. 05-43ML

2. (a) Date of the judgment of conviction (if you know): May 31, 2005

   (b) Date of sentencing: September 16, 2005.

3. Length of sentence: 120 months imprisonment.

4. Nature of crime (all counts): Felon in Possession of a Firearm in violation of 18 U.S.C. # 922 (g)(1) and 18 U.S.C. # 924 (A)(2).

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐ (2) Guilty ☑ (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? N/A

6. If you went to trial, what kind of trial did you have? (Check one) N/A Jury ☐ Judge only ☐

7. Did you testify at either a pretrial hearing, trial or post-trial hearing? No Yes ☐ No ☐

8. Did you appeal from the judgment of conviction? Yes ☑ No ☐

9. If you did appeal, answer the following:

(a) Name of court: U.S. Court of Appeals For the First Circuit.

(b) Docket or case number (if you know): ______

(c) Result: Affirmed.

(d) Date of result (if you know): ______

(e) Citation to the case (if you know): ______

(f) Grounds raised: ______

(g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☑ No ☐

If "Yes," answer the following:

(1) Docket or case number (if you know): ______

(2) Result: Denied

(3) Date of result (if you know): ______

(4) Citation to the case (if you know): ______

(5) Grounds raised: ______

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ☐ No ☑

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: N/A

(2) Docket or case number (if you know): ______

(3) Date of filing (if you know): ______

(4) Nature of the proceeding: ______

(5) Grounds raised: ______

(6) Did you receive a hearing where evidence was given on your motion, petition, application?

Yes ☐ No ☐ N/A

(7) Result: __________

(8) Date of result (if you know): __________

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: __________

(2) Docket or case number (if you know): __________

(3) Date of filing (if you know): __________

(4) Nature of the proceeding: __________

(5) Grounds raised: __________

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☐ N/A

(7) Result: __________

(8) Date of result (if you know): __________

(c) Did you appeal to a federal appellate court having jurisdiction the action taken on your motion, petition, or application?

(1) First petition: Yes ☐ No ☐

(2) Second petition: Yes ☐ No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** (SEE Memorandum of Law Attached Hereto)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑ No ❑

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑ No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑ No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______________________

Docket or case number (if you know): ______________________

Date of the court's decision: ______________________

Result (attach a copy of the court's opinion or order, if available): ______________________

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: ______________________

**GROUND TWO:** (See Memorandum of Law Attached Hereto)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): ______________________

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: ______________________

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑ No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:________________________________________

Name and location of the court where the motion or petition was filed:____________________

____________________________________________________________

Docket or case number (if you know):____________________________________

Date of the court's decision:___________________________________________

Result (attach a copy of the court's opinion or order, if available):________________________

____________________________________________________________

____________________________________________________________

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑ No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑ No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑ No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:____________________________

____________________________________________________________

Docket or case number (if you know):____________________________________

Date of the court's decision:___________________________________________

Result (attach a copy of the court's opinion or order, if available):________________________

____________________________________________________________

____________________________________________________________

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: ________________________________________________________

____________________________________________________________

____________________________________________________________

____________________________________________________________

____________________________________________________________

**GROUND THREE:** _________________________________________________

____________________________________________________________

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): ____________

____________________________________________________________

________________________________________________________________

________________________________________________________________

________________________________________________________________

________________________________________________________________

________________________________________________________________

________________________________________________________________

________________________________________________________________

________________________________________________________________

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: ______________________

________________________________________________________________

________________________________________________________________

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ______________________________________

Name and location of the court where the motion or petition was filed: ______________________

________________________________________________________________

Docket or case number (if you know): ______________________________

Date of the court's decision: ______________________________________

Result (attach a copy of the court's opinion or order, if available): ______________________

________________________________________________________________

________________________________________________________________

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______________________

________________________________________________________________

Docket or case number (if you know): ______________________________

Date of the court's decision: ______________________________________

Result (attach a copy of the court's opinion or order, if available):______________________________

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: ______________________________

**GROUND FOUR:** ______________________________

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): ______________

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: ______________________________

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:______________________________

Name and location of the court where the motion or petition was filed:______________________________

Docket or case number (if you know):______________________________

Date of the court's decision:______________________________

Result (attach a copy of the court's opinion or order, if available):____________________

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑ No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑ No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑ No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:____________________

Docket or case number (if you know):____________________

Date of the court's decision:____________________

Result (attach a copy of the court's opinion or order, if available):____________________

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: ____________________

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: ____________________

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging? Yes ❑ No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. N/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: John M. Cicilline

(b) At arraignment and plea: John M. Cicilline

(c) At trial: 

(d) At sentencing: John M. Cicilline

(e) On appeal: 

(f) In any post-conviction proceeding: 

(g) On appeal from any ruling against you in a post-conviction proceeding: 

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☐ No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: N/A

(b) Give the date the other sentence was imposed: N/A

(c) Give the length of the other sentence: N/A

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ☐ No ☐ N/A

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

N/A

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: DISMISS THE INDICTMENT. IN THE ALTERNATIVE, RESENTENCE MR. SOTO,

or any other relief to which movant may be entitled.

______________________
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion Under 28 U.S.C. § 2255 was placed in the prison mailing system on NOVEMBER 30, 2007 (month, date, year).

Executed (signed) on NOV. 30, '07 (date).

Raul Soto
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. ______________________

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Raul Soto,
Petitioner,

Vs. Case NO.: C.R. 05-43ML

United States Of America,
Respondent. /

PETITIONER"S MEMORANDUM OF LAW IN SUPPORT OF PETITIONER"S MOTION TO VACATE, SET ASIDE, OR CORRECT PETITIONER"S SENTENCE UNDER SECTION 2255.

COMES NOW, the Petitioner, Raul Soto, acting herein Pro-se, * and Pursuant to Title 28, United States Code, Section 2255, respectfully requests this Honorable Court to enter an ORDER directing the dismissal of the above-captioned Indictment, or alternatively, resentence Mr. Soto. In support of Mr. Soto's justifiable requested, he relies upon the following:

## PRELIMINARY STATEMENT

This case involves a sure shyster attorney, who have duped his client into taking a guilty plea (as opposed to going to trial), and an attorney who have also duped his client into entering a plea agreement with the government WITHOUT any benefit to the client. These egregious ill-actions by the attorney, were all done in violation of the client's Sixth Amendment Right to the U.S. Constitution that guarantees the effective assistance of counsel.

======
* This Petition was prepared with the assistance of Shechem Lafayette, a former Law Clerk and Law Instructor.

PARTIES

Petitioner, Raul Soto, is the only defendant in this case. No co-defendant nor accomplices are involved herein.

# STATEMENT OF THE CASE

On March 18, 2005 a complaint was filed in the District Court for Rhode Island charging Raul Soto with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. # 924(A)(2). On April 6, 2005 Mr. Soto was indicted with these offenses.

On May 31, 2005 Mr. Soto plead guilty to the charges. Subsequently, on September 16, 2005 Mr. Soto was sentenced to one hundred and twenty (120) months imprisonment followed by three (3) years supervised release and one hundred dollar ($100.00) special assessment.

On September 19, 2005 Mr. Soto filed a timely Notice Of Appeal. The result of the Appeal had led to the affirmation of Mr. Soto's conviction and sentenced -- on April 11, 2007.

On June 13, 2007, Mr. Soto filed a Writ Of Certiorari to the United States Supreme Court. Shortly thereafter, this Writ was dismissed.

## ISSUES PRESENTED

1. Whether The Petitioner's Guilty Plea Was Knowingly And Voluntarily Made, Based Upon Counsel's Ineffective Assistance.

2. Whether The Petitioner Was Denied His Sixth Amendment Constitutional Right To Effective Assistance Of Counsel Where, Post-Booker His Trial Attorney Entered Into A Plea Agreement That Permits The Government To Recommend A Sentence In Excess The Statutory Maximum And Received Nothing In Return.

# ARGUMENT

## (A)

## Whether The Petitioner's Guilty Plea Was Knowingly And Voluntarily Made, Based Upon Counsel's Ineffective Assistance.

Mr. Soto asserts, contends and argues that he was led to making an involuntary plea based upon his counsel's insistence.

A guilty plea must be made knowingly, voluntarily, and intelligently. Boykin vs. Alabama, 395 U.S. 238 (1969). The Supreme Court has ruled that a plea must be found to be involuntary if it was based upon promises or threats from counsel which deprived it of a voluntary character. Machibroda vs. United States, 368 U.S. 487, 493 (1962).

Mr. Soto asserts, contends and argues that his plea was involuntarily made, based upon counsel's deliberate incorrect promises and insistences.

The Sixth Amendment establishes a right to counsel in criminal proceedings. Johnson vs. Zerbst, 304 U.S. 458, 463 (1938). " The right to counsel is a fundamental right of criminal defendants; it assures the fairness, and thus the legitimacy, of our adversary process. " Kimmelman vs. Morrison, 477 U.S. 363, 373 (1986). To ensure that defense counsel upholds the adversarial process established by the Sixth Amendment, the right to counsel is defined as the right to the effective assistance of counsel. Strickland, 466 U.S. at 686, citing McMann vs. Richardson, 397 U.S. 759, 771 n. 14 (1970). When a criminal defendant does not receive the effective assistance of counsel at trial, plea bargaining proceedings and/or sentencing, the adversarial process has been compromised, and a reviewing court should reverse the judgment.

Ineffective assistance has been rendered when 1) counsel's representation fell below an objective standard of reasonableness; and 2) there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694; Kimmelman, 477 U.S. at 375. Counsel's performance is deficient if it does not rise to the level of reasonably effective assistance. Id. at 687. A court measures the reasonableness of counsel's performance against prevailing professional norms. United States vs. Barbour, 813 F. 2d 1232, 1234 (D.C. Cir. 1987). A satisfactory showing of prejudice need only rise to the level of a reasonable probability that the result of the trial, plea bargaining proceedings and/or sentencing would have been different but for counsel's deficient representation. Strickland, 466 U.S. at 694. On a scale of evidentiary burdens, a reasonable probability is shown by less than a preponderance of the evidence. See id. at 693-694.

In the case sub judice, Petitioner asserts, contends and argues that before sentencing, his attorney, John M. Cicilline, had informed Petitioner to plead guilty to the charged alleged in the government's 1-count indictment. Initially, Mr. Soto had refused to plea guilty. But then Attorney Cicilline had insisted that Mr. Soto should entered the plea agreement with the government. According to Attorney Cicilline, if Mr. Soto pleads guilty, he " ... would ensured that your [Mr. Soto] received no more than five years imprisonment. " However, Attorney Cicilline failed to take into account the application of prior offenses to the Guidelines, and failed to properly inform Mr. Soto of the strong possibility that he would be enhanced as a felon in possession of a firearm. Not only that, but even more importantly is the troubling fact that Attorney Cicilline had told Mr. Soto that he --

the Attorney -- would " ensured that Mr. Soto received no more than five years imprisonment. " Yet, Mr. Soto was enhanced and received a sentence twice that amount that Attorney Cicilline had ensured Mr. Soto that he would have received. This should be ineffective assistance of counsel in its plainest form. Therefore, Strickland's two-prong test are clearly met in Mr. Soto's case.

(B)

Whether The Petitioner Was Denied His Sixth Amendment Constitutional Right To Effective Assistance Of Counsel Where, Post-Booker His Trial Attorney Entered Into a Plea Agreement That Permits The Government To Recommend A Sentence In Excess Of The Statutory Maximum And Received Nothing In Return.

Absent competent counsel, ready and able to subject the prosecution's case to the crucial of meaningful adversarial testing, there can be no guarantee that the adversarial system will function properly to produce just and reliable results. Lockhart vs. Fretwell, 506 U.S. 364, 113 S. Ct. 838, 847, 122 L. Ed. 2d 180 (1993). In other words, whatever other standards the Sixth Amendment to the U.S. Constitution may impose on the conduct of counsel in criminal cases, the first essential element of effective assistance of counsel is counsel able and willing to advocate fearlessly and effectively. United States vs. Hurt, 543 F. 2d 162, 167-68 (D.C. Cir. 1976).

To ensure that defense counsel upholds the adversarial process established by the Sixth Amendment to the U.S. Constitution, the right to counsel is defined as the right to the effective assistance of counsel. Strickland, 466 U.S. at 686, citing McMann vs. Richardson, 397 U.S. 759, 771 n. 14 (1970). When a criminal defendant does not receive the effective assistance of counsel at trial, plea agreement hearing or sentencing hearing, like here, the adversarial process has been compromised, and a reviewing court should reverse the judgment.

In the case at bar, Mr. Soto's plea agreement read as follows:

2. Government's obligations

In exchange for Defendant's plea of guilty:

a. The government will recommend that the Court impose a term of imprisonment within the range of the applicable guideline range for the offense level determined by the Court under the United States Sentencing Guidelines (the USSG or " guidelines ") or the mandatory minimum term of imprisonment pursuant to statute, whichever term is greater, but not including probation or a " split-sentence, " even if permitted under the guidelines, provided that Defendant does not seek a downward departure under the guidelines or advocate for a sentence below the guideline range. "

. . . . . . . . . . . .

3. Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. # 3553(a).

. . . . . . . . . . . .

5. The maximum statutory penalties for the offense to which defendant is pleading is:

a. 10 years imprisonment;

b. 3 years supervised release;

c. up to $250, 000.00 fine; and

d. a $100.00 mandatory special assessment.

This plea agreement did absolutely nothing for Mr. Soto. It was in essence a serious sham. As stated above, the government argued that the probation officer correctly calculated the base offense level and enhancements in this case [Tr. 9/16/2005: 71], those being in accordance with U.S.S.G. #2A2.1 [Tr. 9/16/2005: 75]. It further argued that the low end of the guideline

range is 121 months and that this matter is " one of the few cases where perhaps the guidelines sentence is not severe enough " but that in any event the government would ask for the statutory maximum sentence of 120 months [Tr. 9/16/2005: 79]. However in view of the landmark decisions in Blakely vs. Washington, 542 U.S. 296, 301-303 (2004) and United States vs. Booker, 543 U.S. 220, 231-232 (2005) on these facts the district court could not exceed the statutory maximum. To be sure, the mandate set forth by the Supreme Court in Blakely was that " The ' statutory maximum ' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. Blakely, 2004 WL 1402697 at 4.

A sentence may not be enhanced when doing so requires the judge to make factual findings which go beyond the defendant's plea or the verdict of the jury. Given this mandate, there is no way the district court could have sentence Mr. Soto under the Federal Sentencing Guidelines without violating Mr. Soto's right to trial by jury as guaranteed by the Sixth Amendment to the U.S. Constitution. Therefore, the plea agreement offered nothing to Mr. Soto. Meaning, the district court could not exceed the statutory maximum. Rather, it denied Mr. Soto the right to withdraw his plea of guilty and proceed to trial.

In Strickland vs. Washington, 466 U.S. 668 (1984), the Supreme Court decided that a determination of ineffective assistance of counsel would be conditioned on two factors, both of which must be met:

1. The counsel's performance must have fallen below an objective standard of reasonableness; (p., 688);

2. There is a reasonable probability that, but for counsel's errors the results of the proceedings would probably have been different (p., 694).

In the case sub judice, Mr. Soto can prove both prongs of the test.

First, counsel did make an error which fell below the objective standard of reasonableness. Under the ABA Standards relating to the Administration of Criminal Justice, it is stated that " it is unprofessional conduct for the lawyer to understate or overstate the risks, hazards, or prospects of the case to exert undue influence on the accused's decision as to his or her plea. " Standard 4-5.1(c)(1979). In United States vs. McAleny, 539 F. 2d 282 (1st Cir. 1976), the court dealt with a Defendant who had been given false information by his attorney. The court found:

> There is accordingly a duty on attorneys to make sure whatever participating in plea bargaining proceedings, which are under the close scrutiny of the court, that any, information which they convey to their client is accurate and complete and that they understand what the applicable law and rules are. Id. at 287.

In United States vs. Day, 969 F. 2d 39 (3rd Cir. 1992), the Third Circuit remanded this case for an Evidentiary Hearing based upon the attorney unfamiliarity with the Federal Sentencing Guidelines. The court found " Because the Sentencing Guidelines have become a critical, and in many cases, dominant, facet of federal criminal proceedings, we can say, however, that familiarity with the structure and basic content of the Guidelines(including the statutory maximum sentence) has become a necessity for counsel who seek to give effective representation. " Id. at 43. The court then remanded the case for an Evidentiary Hearing on the ineffective assistance claim.

In Mr. Soto's case, it should be obvious that his counsel was either unfamiliar with the structure and basic content of the Guidelines, or counsel had blatantly abandoned his duty in providing Mr. Soto with the effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution. This is true especially in light of the fact that,

notwithstanding this High Court's mandates in Blakely and Booker, supra, that have precluded Mr. Soto from receiving any sentence above the statutory maximum, Mr. Soto's counsel entered into a plea agreement that permits the government to recommend a sentence in excess of the statutory maximum and received nothing in return.

In United States vs. Natanel, 938 F. 2d 302, 309 (1st Cir. 1991) the First Circuit Court of Appeals held " [w]e do not normally consider ineffective-assistance-of-counsel claims on direct appeal. " However, this case falls within the following exception to that rule: [W]here the critical facts are not genuinely in dispute and the record is sufficiently developed to allow reasoned consideration of an ineffective assistance claim, an appellate court may dispense with the usual praxis and determine the merits of such a contention on direct appeal. Id. The record in Mr. Soto's case shows that trial counsel entered into an agreement that offered no upside to his client, thus satisfying the first prong of the Strickland test. This is in fact counsel falling below the objective standard of reasonableness demanded of attorneys in criminal cases. As to the second prong, there is a reasonable probability that, but for counsel's errors, Mr. Soto would not have pled guilty but would have insisted on going to trial. See Panzardi-Alvarez vs. United States, 879 F. 2d 975 (1st Cir. 1989) (citing Hill vs. Lockhart, 474 U.S. 52, 57-59 (1985)), cert. denied, 493 U.S. 1082 (1990). Mr. Soto had nothing to lose by doing so.

Furthermore, in Glover vs. United States, 531 U.S. 198, 121 S. Ct. 696 (2001), the United States Supreme Court recognized that ineffective assistance that results in an increased prison term satisfies the prejudice standard under Strickland. In Glover, the defendant filed a pro se motion to correct an error in his sentence. Mr. Glover alleged that his trial counsel

counsel's failure to argue that counts that involved substantially the same harm should be grouped under U.S. Sentencing Guidelines ## 3D1. 2, constituted ineffective assistance of counsel.

The District Court denied the motion, holding that a sentencing error resulting in a 6-to-21 month sentencing increase did not support a finding of prejudice under Strickland. The Seven Circuit Affirmed, relying on the government's theory that even if Glover's counsel was ineffective the resulting increase in sentence, based upon Lockhart vs. Fretwell, 506 U.S. 364 (1993), would not constitute prejudice.

The U.S. Supreme Court dismissed the reasoning of both the Trial and Circuit Courts. First, the U.S. Supreme Court held that an error that increased a prison sentence from 6-to-21 months was sufficient to establish prejudice under Strickland. Glover, 121 S. Ct. at 700. Additionally, the High Court dismissed the Seventh Circuit's reliance on Lockhart to claim the sentencing error did not establish prejudice.

It should also be interested to note that Mr. Soto's Attorney, John M. Cicilline, while representing Mr. Soto, was himself the subject of a federal investigation. Indeed, as early as 2003, Attorney Cicilline was the strong source of a federal investigation for violating a variety of criminal offenses, such as: Conspiracy, Obstruction Of Justice and providing False Statements to law enforcement officials. In fact, Attorney Cicilline is the lead defendant in a 4-Counts Federal Criminal Indictment.

On Friday, January 5, 2007, Attorney Cicilline was charged in Federal Court with scheming to collect $150, 000 from drug-dealer clients to manipulate the Criminal Justice System. More specifically, Attorney Cicilline along with three co-defendants were all charged with Conspiracy

(18 USC # 371), Obstruction Of Justice (18 USC # 1503) and making False Statements to federal authorities (18 USC # 1001).

The 21-page indictment charged that Attorney Cicilline, Attorney Joseph A. Bevilacqua Jr., conspired with interpreters/paralegals Juan A. Giraldo and Lisa Torres to provide the authorities with information about other drug dealers, which would then be used to bargain for more-lenient sentences for their clients. In return, a husband and wife whom Attorneys Cicilline and Bevilacqua defended in a federal drug and money-laudering case in Boston, John and Jacqueline Mendonca, gave them $115, 000 between late 2002 and early 2004.

During the timeframe of his representation into Mr. Soto's case, Attorney Cicilline was not only the subject of a federal investigation, but was also pre-occupied compromising his clients' cases. This is crystal clear, especially in the instant case. For instance, despite the Supreme Court's controlling authorities in Blakely vs. Washington, 542 U.S. 296 (2004) and United States vs. Booker, 543 U.S. 220 (2005), that have precluded Mr. Soto from receiving any sentence above the Statutory Maximum, Mr. Soto's counsel, John M. Cicilline, had entered into a plea agreement that permits the government to recommend a sentence in excess of the Statutory Maximum and received nothing in return. Even a First Year Law Student would not have entered into an agreement with the government that offered absolutely no benefit to the client. Not unless it involves a shyster attorney, such as Cicilline, whose intentioned from the outset of this case was to undermined and bargained away his client's freedom.

Wherefore, based upon Mr. Soto's Sixth Amendment Right to the Effective Assistance of Counsel, in conjunction with the interest of justice, Mr. Soto Kindly

kindly asks this Honorable Court to enter an ORDER directing the dismissal of the instant Indictment. Alternatively, Mr. Soto requests to be Resentenced.

Executed this 30 day of November, 2007.

Respectfully submitted,

Raul Soto

Raul Soto, Pro-se,[1]
Reg. # 05588-070
USP-Canaan
P.O. Box 300
Waymart, PA 18472

---

[1] Done with the assistance of Shechem Lafayette, a former law clerk and law instructor.