UNITES STATE DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RAUL SOTO :
:
vs. : CR No. 05-043-ML
: C.A. No. 07-467-ML
UNITED STATES OF AMERICA :

**MEMORANDUM AND ORDER**

Mary M. Lisi, Chief United States District Judge.

Raul Soto has filed a *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 in the above proceeding. For the reasons that follow, that motion is denied.

BACKGROUND

On April 6, 2005, a federal grand jury returned a one-count indictment against Soto charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Thereafter, Soto, represented by Attorney John M. Cicilline, signed a Plea Agreement. The agreement provided in pertinent part: (1) that "the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed"; (2) that Soto could receive up to the statutory maximum term of imprisonment; and (3) that the maximum term of imprisonment for the offense was ten years. (Plea Agreement, at ¶¶ 5, 11.) In signing the Plea Agreement, Soto certified that he read the agreement or had it read to him, discussed it with his counsel, understood it, and agreed to its provisions. (Id. ¶ 17.) The Plea Agreement also contained a provision in which Soto's defense counsel affirmed that he read this agreement, had been given a copy of it for his file, explained it to Soto, and that "to the best of Counsel's knowledge and belief, Defendant understands the agreement." (Id. ¶ 16.)

At the change of plea hearing on May 31, 2005, this Court confirmed that Soto had read the Plea Agreement, discussed it with his attorney, had no questions about it, and was aware that the Court would determine the applicable guideline range, and that the Court could impose a sentence up to the maximum penalty of imprisonment for ten years. (See Transcript of Change of Plea Hearing conducted on May 31, 2005 ["Plea Tr."] at 5-6, 8-11.) Counsel for the Government then summarized the offense facts, stating that: Soto shot his gun multiple times during a dispute outside a nightclub; that one of the police officers on the scene saw Soto with the gun, a Glock .40 caliber pistol, in his hand; that Soto nearly killed one of the officers, who was so close to the gun when it discharged that he lost hearing in one ear and had to be treated. (Id. at 11-15.) The Government further recited that Soto also fired the gun from his car as he was fleeing; and that the police ultimately recovered the gun from under the driver's seat of Soto's car after he crashed the car and struggled to avoid arrest. (Id. at 15-17.) At the hearing Soto acknowledged the basic facts necessary to establish the elements of the § 922(g) offense -- that he was a convicted felon, he possessed the gun and the gun traveled across state lines -- but he did not agree with any of the additional facts related by the Government. (Id. at 17-19.)

A presentence report (PSR) was prepared by the U.S. Probation Office. Soto's counsel filed objections to certain aspects of the PSR, namely (1) the use of the attempted murder guideline in the recommended calculation of Soto's offense level, instead of the guideline for aggravated assault, and (2) a recommended enhancement for reckless endangerment.

At the sentencing hearing, this Court heard testimony from two police officers and from Soto. The officers testified that on the night in question they observed Soto involved in a skirmish with another person outside of a night club as it was closing; that as the officers were trying to break up the fight, Soto fired a gun several times into a crowd of 20-30 people; that one of his shots narrowly

missed the head of one of the officers, whose hearing was incapacitated as a result, and that Soto also fired his gun several times from his car as he was fleeing the scene. (See Transcript of Sentencing Hearing, conducted on September 16, 2005 ["Sent. Tr."] at 4-14, 25-31.) Soto testified that he thought he was about to be robbed of a gold chain he was wearing; that he merely fired his gun into the ground in an effort to thwart the robbery, that he did not see any police at the scene and that he did not fire any shots from his car. (Id. at 48-52.)

This Court rejected Soto's testimony and found that Soto had fired his gun several times into a crowd of 20-30 people that included police officers trying to break up a fight in which Soto was then engaged, that one of his shots narrowly missed the head of one of the officers, and that he also fired the gun from his car as he was fleeing the scene. (Id. at 72-76, 82-84.) This Court further found that Soto acted with awareness that he might well kill someone and that his conduct was "willful, deliberate, malicious and premeditated." (Id. at 75.) Based on these findings, this Court found that the attempted murder guideline (USSG § 2A2.1) applied, as well as the enhancement for reckless endangerment, and calculated a total offense level of 32 and an advisory guideline range of 151-132 months. However, due to the ten-year statutory maximum term of imprisonment applicable to Soto's offense, the restricted guideline range was 120 months. (See PSR ¶ 56.)

This Court also conducted an alternative guideline analysis based on the aggravated assault guideline (USSG § 2A2.2) with a five-level enhancement due to Soto's discharge of the gun. The Court found that under this approach further enhancements were warranted for: (1) the bodily injury to the officer who was nearly shot in the head and who suffered hearing loss; (2) Soto's reckless endangerment during flight (his firing of the gun while fleeing in his car); and (3) Soto's false testimony at sentencing. This Court concluded that Soto did not deserve any reduction for acceptance of responsibility and that this alternative analysis would have yielded an advisory

sentencing range of 63-78 months. (Id. at 75-76.) It further noted that even under the alternative calculation it would have imposed the statutory maximum sentence. (Id. at 84.)

Based on the foregoing analysis, this Court sentenced Soto to the statutory maximum term of ten years imprisonment, followed by three years of supervised release.

Soto appealed, notwithstanding the appeal waiver provision contained in the Plea Agreement. The Court of Appeals upheld the appeal waiver and dismissed the appeal on April 11, 2007. See United States v. Raul Soto, Dkt. No. 05-2398, Judgment (1st Cir. April 11, 2007). The Court of Appeals also rejected Soto's arguments that his counsel was ineffective in advising Soto to enter into his Plea Agreement and that this Court erred when it applied USSG § 2A2.1 instead of § 2A2.2 to his sentence.

Soto thereafter timely filed the instant motion to vacate. In his motion Soto claims that his counsel provided ineffective assistance in connection with his plea of guilty by: (1) advising Soto to plead based on an erroneous estimate of the potential sentence he might receive; and (2) counseling him to enter into a plea agreement which offered him no benefit. The Government filed a response in opposition, and the matter is now ready for review.[1]

## DISCUSSION

A defendant who claims that he was deprived of his Sixth Amendment right to effective assistance of counsel must demonstrate:

(1) That his counsel's performance fell below an objective standard of reasonableness; and

[1] No hearing is required in connection with any issues raised by this motion to vacate, because, as discussed infra, the files and records of this case conclusively establish that Soto's claim is without merit. See David v. United States, 134 F.3d 470, 477 (1st Cir. 1998) (district court properly may forego any hearing "when (1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief . . . .") (internal quotations omitted).

(2) [A] reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). See Cofske v. United States, 290 F.3d 437, 441 (1st Cir. 2002).

In assessing the adequacy of counsel's performance, the Court looks to 'prevailing professional norms.' All that is required is a level of performance that falls within generally accepted boundaries of competence and provides reasonable assistance under the circumstances. Ramirez v. United States, 17 F.Supp.2d 63, 66 (D.R.I. 1998) (quoting Scarpa v. Dubois, 38 F.3d 1, 8 (1st Cir. 1994) and citing Strickland, 466 U.S. at 688). To satisfy the prejudice requirement under Strickland, a defendant must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Here, neither of Soto's claims has merit. His claim that his counsel rendered ineffective assistance by mis-advising him as to the estimated length of the sentence he would receive falls short. It is well settled that an attorney's inaccurate prediction of his client's probable sentence, standing alone, will not satisfy the "prejudice" prong of the ineffective assistance test. See United States v. LaBonte, 70 F.3d 1396, 1413 (1st Cir.1995) (counsel's inaccurate prediction about sentencing generally not sufficient to sustain claim of ineffective assistance), overruled on other grounds, 520 U.S. 751 (1997); Knight v. United States, 37 F.3d 769, 775 (1st Cir. 1994) (same).

Moreover, the record shows that this Court advised Soto at his change of plea hearing that no one could predict what his sentence might be pending the completion of a presentence report; that it was up to the Court to determine what sentence he would receive, regardless of what the Government recommended or the Plea Agreement provided and that the maximum penalty for his offense was ten years. (See Plea Tr. at 6, 8-9.) Soto indicated that he understood this. (Id.)

Soto further claims that his counsel advised him to enter into a plea agreement that offered no benefit whatsoever, because his sentence was greater than the applicable maximum term of imprisonment. The short answer to this claim is that it was presented to, and rejected by, the Court of Appeals on direct appeal. See Soto, No. 05-2398, Judgment at 2. The Court of Appeals noted that Soto could have taken advantage of a two-level decrease for acceptance of responsibility but instead chose to testify at the sentencing hearing and that even this Court's alternative analysis using the aggravated assault guideline would have still resulted in a sentence of equal length. Id. at 2.

Soto's contention that he received a sentence greater than the applicable statutory maximum confuses the guideline range calculated (121-151 months) with the applicable statutory maximum of ten years under 18 U.S.C. § 924(a)(2). In fact, Soto's sentence *was* the statutory maximum. Moreover, Soto's counsel argued for the application of the aggravated assault sentencing guideline (§ 2B1.1), which would have resulted in a lower guideline range of 63-78 months – but even under this approach this Court indicated that it would use its discretion to impose the ten-year maximum. In short, it was Soto's offense conduct -- shooting his gun into the crowd , injuring a police officer, shooting the gun again while fleeing and resisting arrest -- and not counsel's deficient performance that contributed to the length of his sentence. Thus, there was no ineffective assistance.[2]

Because both of Soto's claim are without merit, his motion to vacate must be dismissed.

---

[2] Soto's argument regarding the indictment of his attorney in connection with an unrelated matter likewise misses the mark. Soto has not shown how the pending indictment affected counsel's performance in this case, nor does the record reveal any effect. Counsel argued for an alternate sentence, albeit unsuccessfully, and Soto in any event was actually sentenced to less than the term provided by the guidelines as originally calculated. Thus, Soto has shown neither deficient performance on the part of his counsel nor prejudice. See Strickland, 466 U.S. at 687-688.

CONCLUSION

In view of the foregoing considerations, Soto's motion to vacate under § 2255 is hereby DENIED and dismissed.

SO ORDERED:

Mary M. Lisi
Mary M. Lisi
Chief United States District Judge

August 20, 2008